## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARTUR DE ALBUQUERQUE TORRES, derivatively on Behalf of ALEXANDRIA REAL ESTATE EQUITIES INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDRIA REAL ESTATE EQUITIES, INC., <br><br> Nominal Defendant, <br><br> and, <br><br> PETER M. MOGLIA, MARC E. BINDA, JOEL S. MARCUS, CLAIRE ALDRIDGE, JAMES P. CAIN, MARIA C. FREIRE, STEVEN R. HASH, RICHARD H. KLEIN, SHEILA K. McGRATH, and MICHAEL A. WORONOFF <br><br> Defendants. | Case No. 1:26-cv-00445-MJM <br><br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TO STAY DERIVATIVE ACTION** |

Plaintiff Artur de Albuquerque Torres ("Plaintiff"), Nominal Defendant Alexandria Real Estate Equities, Inc. ("Nominal Defendant"), and Individual Defendants Peter M. Moglia, Marc E. Binda, Joel S. Marcus, Claire Aldridge, James P. Cain, Maria C. Freire, Steven R. Hash, Richard H. Klein, Sheila K. McGrath, and Michael A. Woronoff (together, "Individual Defendants," and, together with the Nominal Defendant, "Defendants") (Defendants and Plaintiff, together, are referred to herein as the "Parties"), hereby stipulate and agree as follows:

WHEREAS, on February 3, 2026, Plaintiff filed his Verified Shareholder Derivative Complaint on behalf of Nominal Defendant in the case captioned *Torres* v. *Alexandria Real Estate Equities, Inc., et al.*, No. 1:26-cv-00445-MJM (the "*Torres* Action");

WHEREAS, counsel for Defendants in the *Torres* Action have agreed to accept service of process of the complaint in the *Torres* Action, to the extent not already served, without prejudice and without waiver of any of Defendants' defenses, objections, or arguments, including, without limitation, any jurisdictional defenses, other than a defense as to the sufficiency of service; and the Parties in the *Torres* Action agree that Defendants need not respond to any complaints in the *Torres* Action until the date ordered by the Court in response to the Parties' proposed scheduling order following termination of the stay (the "Stay") described herein;

WHEREAS, on November 25, 2025, Warren Hern filed a securities class action complaint captioned *Hern* v. *Alexandria Real Estate Equities, Inc., et al.*, Case No. 2:25-cv-11319-GW-AWR (the "Securities Action"), in the District Court for the Central District of California (Securities Action, ECF No. 1);

WHEREAS, the claims in the Securities Action are subject to the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, which includes procedures governing the appointment of a lead plaintiff and lead counsel;

WHEREAS, on February 23, 2026, the District Court for the Central District of California entered an order appointing Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., and Menora Mivtachim Vehistadrut Hamehandesim Nihul Kupot Gemal Ltd. (collectively, "Menora") as lead plaintiff and Pomerantz LLP as lead counsel (Securities Action, ECF No. 52);

WHEREAS, on March 16, 2026, the District Court for the Central District of California entered an order providing that Menora shall file its amended complaint in the Securities Action by April 14, 2026; defendants in the Securities Action shall file any motion(s) to dismiss or otherwise respond to the amended complaint by May 19, 2026; Menora shall file an opposition to

defendants' motion(s) to dismiss by June 25, 2026; defendants shall file their reply brief(s) by July 21, 2026; and oral argument will be held on August 6, 2026 (Securities Action, ECF No. 62);

WHEREAS, there is overlap between the facts and circumstances alleged in the *Torres* Action and the Securities Action, and several of the Defendants in the *Torres* Action are also named as defendants in the Securities Action;

WHEREAS, the Parties agree that the proceedings in the Securities Action may inform the proceedings in the *Torres* Action;

WHEREAS, in light of the similarities between the *Torres* Action and the Securities Action, to conserve the Parties' and judicial resources and to promote "the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1, the Parties agree that all proceedings and deadlines in the *Torres* Action, including discovery (other than production of documents to Plaintiff as provided for herein) and Defendants' obligation to move, answer, or otherwise respond to any complaint filed in the *Torres* Action, should be temporarily stayed; and

WHEREAS, the Parties agree that entry into this Stipulation is without prejudice or waiver of any claims, defenses, motions, objections, or arguments otherwise available to the Parties, including without limitation Defendants' right to move to dismiss the *Torres* Action for failure to adequately plead demand futility or make a pre-suit demand, and any arguments or motions regarding venue, forum, jurisdiction, or on any other grounds;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the Court's approval, as follows:

1.    The Individual Defendants hereby accept service of the complaint in the *Torres* Action.

2.      The *Torres* Action shall be temporarily stayed, and all deadlines in the *Torres* Action shall be held in abeyance during the pendency of the Stay.

3.      The Stay shall be terminated ten (10) days following the occurrence of any one of the following: (1) the dismissal of the Securities Action, with prejudice, by the court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Action in whole or in part.

4.      During the pendency of this Stay, Defendants shall notify Plaintiff if any shareholder derivative action arising from the same or substantially similar facts as alleged in the *Torres* Action ("Related Derivative Action") is filed, or if Defendants come to know of any threatened derivative action (including inspection demands for books and records) arising from the same or substantially similar facts as alleged in the *Torres* Action ("Related Demands").

5.      Plaintiff has the option to terminate the stay if a Related Derivative Action is not stayed for a similar or longer duration by giving ten (10) days' notice to counsel for Defendants via email.

6.      Within fourteen (14) days of the date that any termination of the Stay takes effect, the Parties shall meet and confer in good faith to determine whether a further extension of the Stay is preferable or necessary and submit to the Court a proposed extension of the Stay or a scheduling order governing further proceedings in the *Torres* Action.

7.      During the pendency of this Stay, Defendants shall promptly provide Plaintiff with copies of any documents produced to plaintiffs in the Securities Action or any Related Derivative Action, or pursuant to any Related Demands, subject to the Parties first entering into a reasonable confidentiality agreement and/or protective order.

8.    During the Stay, Plaintiff may amend the complaint in the *Torres* Action, but Defendants shall be under no obligation to answer, move, or otherwise respond to any complaint in the *Torres* Action while the Stay is in effect and until the date ordered by the Court after submission of the Parties' proposed scheduling order.

9.    During the pendency of this Stay, Defendants shall advise Plaintiff of any mediation in the Securities Action and shall make a good-faith effort to include Plaintiff in any such mediation.  In the event that the plaintiffs in the Securities Action object to joint mediation, or it is otherwise impractical to do so, Defendants agree to mediate with Plaintiff with regard to the *Torres* Action at or about the same time.  If Defendants engage in mediation in any Related Derivative Action or with respect to Related Demands, the Defendants shall include Plaintiff in any such mediation.

10.    The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to this action and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

11.    In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a Related Derivative Action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this Stipulation.

12.    This Stipulation and Order is without waiver or prejudice to the right of any of the Parties to raise any and all claims, arguments, objections, motions, or defenses that would

otherwise be available to the Parties, including, but not limited to, Defendants' right to move for dismissal of the *Torres* Action, including, but not limited to, for failure to adequately plead demand futility or make a pre-suit demand, and Plaintiff's right to oppose any such motion, and any arguments or motions concerning venue, forum, transfer, jurisdiction, or stay of the *Torres* Action, or any other actions, including following any termination of the Stay.

**IT IS SO STIPULATED.**                                   DATED: April 6, 2026

Respectfully submitted,

**THE BROWN LAW FIRM, P.C.**

/s/    Timothy Brown
Timothy Brown *by GSW with Permission*
Federal Bar No. 30976
767 Third Avenue, Suite 2501
New York, NY 10017
Telelphone: (516) 922-5427
Fax: (516) 679-6204
Email: tbrown@thebrownlawfirm.net

*Attorney for Plaintiff*

**VENABLE LLP**

/s/    G. Stewart Webb, Jr.
G. Stewart Webb Jr.
Federal Bar No. 00828
750 East Pratt St., Suite 900
Baltimore, MD  21202
Telephone: (410) 244-7565
Fax: (410) 244-7742
Email: gswebb@Venable.com

*Attorneys for Defendants*

6

\*      \*      \*

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:_____          _____

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2026, I caused a true and correct copy of the foregoing to be filed and served through the Court's CM/ECF Electronic Filing System pursuant to the Court's First General Order.

/s/ *G. Stewart Webb, Jr.*

G. Stewart Webb Jr.